IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD LOFTON, K58460,**

**Petitioner,**

    vs.                                        Case No. 17-cv-948-DRH

**JACQUELINE LASHBROOK, and
ILLINOIS ATTORNEY GENERAL,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Gerald Lofton, who is currently incarcerated in Menard Correctional Center, filed a Motion for Leave to File a Second or Successive Habeas Corpus Application ("Motion") (Doc. 1) on September 5, 2017, mistakenly labeled in CM-ECF as a Petition for Writ of Habeas Corpus. The instant case was opened as an action pursuant to 28 U.S.C. § 2254 upon receipt of Petitioner's Motion, despite a petition not having been filed. This was in error, as such a motion cannot commence a § 2254 proceeding. "A 2254 case is commenced on the date the petition is filed." *Holman v. Gilmore*, 126 F.3d 876, 880 (7th Cir. 1997) ("[A] case is commenced by filing a petition seeking substantive relief."); *see also Woodford v. Garceau*, 538 U.S. 202, 208, 123 S.Ct. 1398 (2003) ("[A] habeas suit begins with the filing of an application for habeas corpus relief-the equivalent of a complaint in an ordinary civil case.").

Preliminary documents filed prior to a § 2254 petition, like Petitioner's

Motion, are insufficient to initiate § 2254 proceedings. *Cf. Holman*, 126 F.3d at 879 ("A motion ... for appointment of counsel is a prelude to a collateral attack ... but is not itself a collateral attack."); *Fierro v. Cockrell*, 294 F.3d 674, 681 (5th Cir. 2002) (motion for authorization to file successive petition "is merely a preliminary motion that does not itself initiate habeas proceedings, [so] it cannot satisfy the statute of limitations established under [2254]"). This action will therefore be administratively closed, because it was opened without a habeas petition being filed, and it is without a petition.

Petitioner is advised that, should he seek to bring a habeas action in this Court at a later date, he must first exhaust his state judicial remedies. 28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999); *see also* 28 U.S.C. § 2254(c).

Under the Illinois two-tiered appeals process, petitioners such as Lofton must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

Assuming Petitioner has exhausted his state judicial remedies, he must also be granted leave to bring a § 2254 petition in this Court, as he has previously filed another. (Doc. 1, p. 2). A district court may not consider a second or successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate *court of appeals*. 28 U.S.C. § 2244(b)(3)(A). The question is jurisdictional: if the Petitioner has not received authorization, the district court lacks jurisdiction over the matter. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

Petitioner mistakenly filed the Motion with this Court, instead of the appropriate Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner also has not affirmatively stated that he has received authorization from the appellate court, and there is no public record of any such authorization being granted. An alternative ground for the dismissal of this case is therefore this Court's lack of jurisdiction.

## **Certificate of Appealability**

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate

should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, there is no petition, and there is nothing to suggest that jurists of reason would debate the correctness of the Court's ruling or find a valid claim of the denial of a constitutional right. As such, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice. The **CLERK** is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.27 11:56:55 -05'00'

**U.S. District Judge**